# UNITED STATES *v.* EVANS.

---

CRIMINAL LAW; MURDER; INDICTMENTS; MOOT QUESTIONS ON APPEAL; PLEADING.

1. *Quære,* whether an indictment under D. C. Code, sec. 798 (31 Stat. at L. 1321, chap. 854), defining murder in the first degree, which omits the word "purposely," in charging the killing while perpetrating another crime, is sufficient.
2. This court does not feel called upon to decide moot questions.
3. It is a safe rule, in criminal pleading, to follow the language of the statute, where there is any uncertainty in respect of its meaning.

No. 1702.   Submitted October 16, 1906.   Decided November 7, 1906.

HEARING upon an appeal by the United States from a judgment of the Supreme Court of the District of Columbia, sustaining an indictment for murder.          *Appeal dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. Daniel W. Baker,* Attorney for the United States for the District of Columbia, and *Mr. Charles H. Turner* and *Mr. Jesse C. Adkins,* Assistants, for the appellants.

*Mr. Thomas C. Taylor* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This case involves the sufficiency of an indictment of the same parties and for the same offense as in Appeal No. 1703, just decided. *United States* v. *Evans, ante,* 264.

The only difference between the two indictments is that in this the word "purposely" is omitted in charging the unlawful killing. Section 798 of the Code [31 Stat. at L. 1321, chap. 854] declares one guilty of murder in the first degree, who, being of sound memory and discretion, *"purposely,* and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or in attempting to perpetrate any offense punishable by imprisonment in the penitentiary, kills another."

The appellants, the United States, have cited a number of cases to show that under similar statutes in other jurisdictions the word "purposely" is not necessary in an indictment for murder where the homicide occurred in attempting to commit another felony. It is sufficient for present purposes to say that the statutes on which these cases depend differ somewhat from section 798 of the Code. The Nebraska statute, for example, uses the following language: "Purposely and of deliberate and premeditated malice, or in the perpetration" (of certain named offenses). Section 798, on the other hand, changes the form by inserting the word "either" in the clause following "purposely," as appears above.

It seems that, at common law, a homicide occurring accidentally, in attempt to perpetrate robbery or other felony, con-

stituted murder.  *Com* v. *Chance,* 174 Mass. 245, and author-
ities cited p. 253, 75 Am. St. Rep. 306, 54 N. E. 551.

It may be, therefore, that the framers of section 798 changed
the language, as above mentioned, so as to make the word "pur-
posely" apply specially to homicide committed in perpetrating
or attempting to perpetrate another offense punishable by im-
prisonment in the penitentiary, thereby changing the rule of
the common law.

As the indictment in the other case, in which the homicide is
charged as having been purposely committed, has been upheld
and the appellees may be tried thereon, the point is of no prac-
tical importance, and presents but a moot question that we do
not feel called upon to decide until it shall become necessary
and shall have been fully argued.  It is a safe rule, in crim-
inal pleading, to follow the language of the statute, where there
is any uncertainty in respect of its meaning.

Because the question involved is no longer of any practical
importance, the appeal will be dismissed.            *Dismissed.*